UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

USA,
    Plaintiff

vs

Wilson M. Graham, et. al.,
    Defendants

Case No. 1:03cv96-SJD-TSH
(Dlott, J.; Hogan, M. J.)

**REPORT AND RECOMMENDATION**

    This matter is before the Court on two motions to dismiss filed by pro se defendants Wilson Graham and Homer Richardson, (Docs. 65, 66), and plaintiff's response. (Doc. 74). The first motion seeks to dismiss the claims alleged against defendants based on the argument that the injunction sought by plaintiff violates defendants' First Amendment rights by prohibiting them from engaging in commercial speech. The second motion seeks dismissal of the complaint on the grounds that it violates the three year statute of limitations period set forth in 26 U.S.C. § 6531. For the reasons set forth below, defendants' motions to dismiss should be denied.

    Defendants argue that the government seeks to violate their First Amendment free speech rights by banning them from engaging in any commercial speech. This argument fails for two reasons. First, the injunctive relief sought by the Government is not as broad as defendants assert. Plaintiff does not seek to preclude defendants from engaging in *all* commercial speech; rather, they seek to enjoin defendants from continuing to promote abusive trust schemes such as the Aegis Trust specifically at issue in this case. The undersigned's Recommendation to the District Court specifically states that the District Court should:

> [P]reliminarily enjoin those same defendants from promoting the sales
> of abusive trusts under the name of Aegis, Heritage, or any other
> name. . .

(Doc. 71, Report & Recommendation, p. 11). Second, courts have consistently found that the Government may prevent the dissemination of commercial speech that is false, deceptive, or misleading, especially in the context of injunctions issued under 26 U.S.C. §§ 6700, 7408. *See U.S. v. Estate Preservation Services*, 202 F.3d 1093, 1106 (9th Cir. 2000); *U.S. v. Raymond*, 228 F.3d 804, 815-16 (7th Cir. 2000).

As for defendants' argument that the complaint should be dismissed because the charges were not asserted within the three year statue of limitations period set forth in 26 U.S.C. § 6531, as the Government has pointed out, the statutory provision to which defendants refer governs criminal prosecutions. This case is a civil action to which the criminal statute of limitations is inapplicable. For these reasons, the Court finds that defendants' motions to dismiss (Docs. 65, 66) are without merit and should be denied.

IT IS THEREFORE RECOMMENDED THAT defendants' motions to dismiss (Docs. 65, 66) be DENIED.

S/ Timothy S. Hogan  
Timothy S. Hogan  
United States Magistrate Judge

J:\LWW\OrdersTSH\03-96 mtd free speech.wpd  
January 22, 2004

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

USA,
    Plaintiff

vs                                      Case No. 1:03cv96-SJD-TSH
                                                   (Dlott, J.; Hogan, M. J.)

Wilson M. Graham, et. al.,
    Defendants

# NOTICE

    Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 1/23/2004. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).
    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.