IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

    Plaintiff,

v.

Wilson M. Graham, et. al.,

    Defendants.

Case No. 1:03cv96

District Judge Michael H. Watson

## OPINION AND ORDER

Before the Court are the following:

1. The November 19, 2003 Report and Recommendation of Magistrate Judge Hogan (hereinafter "Report") (Doc. 71). Plaintiff, the United States of America (hereinafter "Plaintiff"), filed an Objection to the Initial Report on November 28, 2003 (Doc. 75). Defendants Wilson M. Graham (hereinafter "Graham") and Homer Richardson (hereinafter "Richardson") filed an Objection to the Initial Report on January 12, 2004 (Doc. 83), to which Plaintiff responded on January 23, 2004 (Doc. 87).

2. The April 2, 2004 Amended Report and Recommendation of Magistrate Judge Hogan (hereinafter "Amended Report") (Doc. 90). No objections to the Amended Report have been filed.

## A. REPORT

The Report recommends that the Court:

(1) preliminarily enjoin Defendants Graham, Graham & Associates, Richardson, and HG Asset Management Company (hereinafter collectively "Defendants") from preparing income tax returns and otherwise representing clients before the IRS;

(2) that the Court preliminarily enjoin Defendants from promoting the sales of abusive trusts under the name of Aegis, Heritage, or any other name;

(3) that the Court order Defendants to disclose to IRS a list of the names and current addresses of all those for whom they prepared tax-related documents in connection with a trust package sold by another; and

(4) that the Court order Defendants to disclose to the IRS the names and current addresses of all those who were given, with or without consideration, materials promoting trust schemes as a means to lessen or eliminate income taxation.

Plaintiff asserts the following objections to the Report:

(1) because Plaintiff sought to enjoin only Graham from preparing income tax returns and representing clients before the IRS, Plaintiff requests that the Court enjoin only Graham from doing so;

(2) because Graham and Richardson have a duty to set forth their complete customer lists, Plaintiff requests that Graham and Richardson be made to disclose, within thirty days, a complete list of all customers for whom tax returns or tax-related documents in connection with a trust package were

prepared;

(3) because a broad prohibition is necessary to ensure that Graham and Richardson do not promote some fraudulent scheme, Plaintiff requests that Graham and Richardson be enjoined from engaging in *any* conduct that is subject to penalty under 26 U.S.C. §§ 6700 and 6701.

Likewise, Defendants Graham and Richardson assert objections to the Report. Upon review, the Court determines Defendants object on two grounds. First, due to Graham and Richardson's *pro se* representation and the complex nature of the suit, Magistrate Judge Hogan should rehear the entire matter as Graham and Richardson are now represented by counsel. Second, because Graham and Richardson stopped promoting Aegis business trusts within seven months after the decision in *Muhich v. Commissioner*, T.C. Memo 1999-192 (U.S. Tax Court Memos, 1999) (hereinafter "*Muhuch I*"), and one year before that decision was affirmed by the Seventh Circuit, in *Muhich v. Commisioner,* 238 F.3d 860 (7th Cir. 2001), they are not a threat to break the law and should not be enjoined from engaging in conduct that is subject to penalty under 26 U.S.C. §§ 6700 and 6701.

In response, Plaintiff contends Graham and Richardson failed to provide any facts that justify rehearing the preliminary injunction motion. Further, Plaintiff argues Defendants' objection lacks merit, as the standard for injunctive relief under 26 U.S.C. § 7408 has been met.

## B. AMENDED REPORT

In the Amended Report, Magistrate Judge Hogan addressed the issues raised by Plaintiff in its objections. Specifically, the Amended Report recommends that the Court:

(1) preliminarily enjoin Graham and Graham & Associates from preparing income tax returns or otherwise representing clients before the IRS;

(2) preliminarily enjoin Defendants from promoting the sales of abusive trusts under the name of Aegis, Heritage, or any other name, or from engaging in any other activities which are subject to penalty under 26 U.S.C. §§ 6700 and 6701;

(3) order Defendants to disclose to the IRS, within thirty days, a list of the names and current addresses of all those for whom they prepared tax-related documents in connection with a trust package sold by any of the Defendants or sold by another;

(4) order Defendants to disclose to the IRS, within thirty days, a list of the names and current addresses of all persons for whom a return of any kind was prepared;

(5) order Defendants to disclose to the IRS, within thirty days, a list of the names and current addresses of all those who were given, with or without consideration, materials promoting trust schemes as a means to lessen or eliminate income taxation;

(6) deny the October 14, 2003 Motion of Richardson to Dismiss (Doc. 62) as moot.

However, the Amended Report did not address the objections asserted by Defendants.

## C. ANALYSIS

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B).

In the instant case, no objection has been filed to the Amended Report. However, as it amends the Report, it is not a new report and recommendation. The Court, therefore, will review *de novo* any specific written objection made to the Report, which was not resolved by the Amended Report, as if it were made to the Amended Report. As discussed above, Plaintiff's objections to the Report were fully incorporated into the Amended Report and, therefore, do not need addressed.

Turning to Defendants' objections, the only specific objection asserted by Defendants is that Graham and Richardson should not to be enjoined from engaging in any activities which are subject to penalty under 26 U.S.C. §§ 6700 and 6701. Defendants argue that their past conduct cannot show that they will engage in such conduct in the future. In response, Plaintiff notes that the traditional equity requirements need not be met for an injunction in this case. Plaintiff is correct.

A district court is not required to consider equitable factors when "Congress provided by statute the bases for the injunctive relief sought." *United States v. Szoka*, 260 F.3d 516, 523 (6th Cir. 2001). 26 U.S.C. § 7408 authorizes the Court to enjoin

conduct that is "subject to penalty under section 6700, 6701, 6707, or 6708" when "injunctive relief is appropriate to prevent recurrence of such conduct." *Id.* Accordingly, Congress has provided the bases for the injunctive relief sought. Therefore, the proper inquiry is whether injunctive relief is appropriate to prevent the recurring violation of 26 U.S.C. § 6700.

Graham and Richardson try to use *Muhich* as their metronome for determining the time at which their activities became illegal and the appropriate interval, within which such activities should cease, to immunize themselves from an injunction. They claim that, because they stopped selling their trust plans within seven months after the decision in *Muhich I* finding them illegal, and one year prior to the decision being affirmed by the Seventh Circuit, they fall into a down beat, during which they did not know their plans were illegal.

It is important to realize, however, that *Muhich I* did not *make* such schemes illegal. Rather, it was the first time this particular scheme was deemed so by a court. As the Seventh Circuit noted on appeal, "[t]he case before [them] resembled a 'typical' family trust case." *Muhich*, 238 F.3d at 863. Therefore, whether before or after *Muhich I* or its affirmance by the Seventh Circuit, the trust scheme in which they engaged was, and ought to have been known to be, illegal. As such, the Court finds that injunctive relief is appropriate to prevent the recurring violation of 26 U.S.C. §§ 6700 and 6701.

## D. CONCLUSION

The Court, having reviewed and considered Defendants' objection and applying the *de novo* standard of review required by Fed. R. Civ. P. 72(b), concludes

Defendants' objection fails to establish any legal basis for rejecting any portion of Magistrate Judge Hogan's Amended Report. Accordingly, the April 2, 2004 Amended Report of Magistrate Judge Hogan (Doc. 90) is hereby **ADOPTED**; the November 19, 2003 Report (Doc. 71) is hereby deemed **MOOT**; the November 28, 2003 Objections of Plaintiff (Doc. 75) are hereby deemed **MOOT**; the January 12, 2004 Objections of Graham and Richardson (Doc. 83) are **DENIED**; and the October 14, 2003 Motion of Richardson to Dismiss (Doc. 62) is hereby deemed **MOOT**.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**