UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

USA,
    Plaintiff

vs                                Case No. 1:03-cv-96-MRB-TSH
                                        (Barrett, J.; Hogan, M. J.)

Wilson M. Graham, et. al.,
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff's motion for summary judgment in which the Government seeks a permanent injunction barring defendants Graham and Richardson from promotion of abusive trusts and permanently enjoining defendant Graham from preparing federal income tax returns (Docs. 112, 113), and the memorandum in opposition filed by defendants Richardson and HG Asset Management Company. (Doc. 114). For the reasons set forth below, the Government's summary judgment motion should be granted.

### PROCEDURAL HISTORY

Plaintiff, the United States of America (the Government), initiated this action in February 2003, against defendants Wilson M. Graham, individually and d/b/a Graham & Associates, and Homer Richardson individually and d/b/a HG Asset Management Company, alleging that defendants had promoted abusive trust schemes sold by the Aegis Company. The Government further alleges that defendant Graham subsequently prepared federal income tax returns for individuals who bought the Aegis trust packages, thereby knowingly assisting the understatement of income tax liability for these clients. The Government sought to preliminarily enjoin defendants from preparing federal tax returns and promoting abusive trust schemes.

The undersigned held a preliminary injunction hearing on August 4 & 5, 2003. Defendants Graham and Richardson were present at the hearing and proceeded *pro se*. The Court heard testimony from plaintiff's witnesses, David C. Morgason and Missia H. Vaselaney, and defendants' witness, Michael Vallone. Defendants had an opportunity to cross-examine the Government's witnesses, to present documentary evidence, and to make objections to the documentary evidence proffered by plaintiff. Defendants chose not to testify and chose not to call Mr. Henderson as a witness on their behalf. (See Doc. 56, Transcript of August 5, 2003 proceedings, (Tr.) pp. 458-464). At the close of the hearing, the parties agreed to waive oral argument and present their closing arguments to the Court in writing. (Tr. 468-69). The parties agreed upon a briefing schedule and consistent therewith, the Court ordered that defendants' closing arguments should be submitted in writing on September 2, 2003. Plaintiff was given until September 9, 2003 in which to file its consolidated closing arguments and rebuttal to defendants' written arguments. (Tr. 470-71).

The Court subsequently granted defendants' request for an extension of time to file their closing arguments, and the defendants timely filed their written arguments on September 15, 2003. (Doc. 58). Plaintiff timely filed its written closing arguments and rebuttal on September 25, 2003. (Doc. 60). Approximately one month later, while still proceeding pro se, defendants filed two motions to dismiss, seeking dismissal of the case on First Amendment grounds and based on a statute of limitations argument. (See Docs. 65, 66).

On November 19, 2003, after full consideration of the hearing testimony and evidence, as well as the parties' written arguments, this Court issued a Report and Recommendation that the Government's motion for preliminary injunction be granted. The Court further recommended that Graham and Richardson should be preliminarily enjoined from preparing income tax returns or otherwise representing clients before the IRS and from promoting sales of abusive trusts under the name of Aegis, Heritage, or any other name. (Doc. 71, p. 11). On February 4, 2004, the Court issued an order amending its Report and Recommendation to accurately reflect that the preliminary injunction precluding preparation of income tax returns and or otherwise representing clients before the IRS should issue as to defendants Graham and Graham and Associates, but did not pertain to defendant Richardson. (Doc. 90).

After this Court issued its original Report and Recommendation on plaintiff's motion for preliminary injunction, but before the District Court reviewed the matter

2

*de novo*, counsel for defendants were granted leave to appear before this Court *pro hac vice*. (See Docs. 68, 69, 72, 73). Counsel for defendants filed no less than four requests for extension of time in filing defendants' objections to this Court's November 19, 2003 Report and Recommendation, all of which were granted by the District Court. (Docs. 76-82, 84). Defendants, now represented by the counsel of their choosing, filed their objections to this Court's Report and Recommendation on January 12, 2004. (Doc. 87). Defendants were also granted leave to file supplemental objections to the November 19, 2003 Report and Recommendation. (Docs. 88, 91). In addition, defendants were granted leave to file a reply brief in opposition to plaintiff's responsive memorandum concerning defendants' original January 12, 2004 Objections. (Docs. 93, 96).

On June 23, 2005, a full year and a half after the undersigned issued its original Report and Recommendation, and more than a year after issuing the Amended Report and Recommendation, the District Court issued an Order adopting the Amended Report and Recommendation and granting plaintiff's preliminary injunction motion. (Doc. 100). Not surprisingly, the District Court's Order prompted another wave of objections on the part of defendants, styled as a motion to reconsider, and corresponding briefing by the parties, which appear to still be pending before the District Court. (See Docs. 101, 102, 106).

Pending before this Court are plaintiff's motion for summary judgment, and the memorandum in opposition filed by defendants Homer L. Richardson individually and d/b/a HG Asset Management Company. (Docs. 112, 113, 114). Plaintiff's summary judgment motion seeks to convert the preliminary injunction to a permanent injunction, based on the record evidence currently before the Court, as presented at the August 2003 Preliminary Injunction Hearing. Defendant Richardson opposes the motion on essentially three grounds. First, defendant argues that there are material facts in dispute which preclude a grant of summary judgment and require that the case proceed to trial. According to defendant, these disputed issues include whether an injunction is necessary because defendants have not promoted the Aegis trust since early 2003, whether the Court can accept the accuracy of Morgason's testimony as to the calculated tax loss, and whether the business trust system promoted by defendant Richardson can be deemed illegal when "it has never been adjudicated as being illegal by any competent court of record, either criminally or civilly." (Doc. 114, p. 3). Second, defendant contends that the preliminary injunction was improperly granted because defendants were proceeding pro se and were not afforded

3

an opportunity to fully prepare for the hearing or respond to the Government's evidence against them. Finally, defendant argues that the Court improperly permitted plaintiff's witnesses to testify as experts without a proper foundation and without a proper determination that their experts' opinions were reliable and relevant.

## LEGAL STANDARD

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a

4

matter of law. *Anderson*, 477 U.S. at 249-50.

Where there are no triable issues of fact remaining to be resolved, the Court may properly convert a preliminary injunction into a permanent injunction without an evidentiary hearing. *United States v. McGee*, 714 F.2d 607, 613 (6th Cir. 1983).

## ANALYSIS

In the present case, the Court finds that defendants' arguments in opposition to plaintiff's motion to convert the preliminary injunction to permanent injunction are without merit. Contrary to defendant's assertions, there are no issues of material fact in dispute based on the record in this case. Defendant's argument that the issuance of a permanent injunction is not necessary because the defendants have not sold or promote Aegis trust packages since early 2003 does not raise an issue of material fact. This same argument was considered and rejected by the District Court in issuing its Order which adopted the undersigned's Amended Report and Recommendation. (See Doc. 100, pp. 3, 5-6). This same reasoning applies to defendant's third asserted issue of disputed fact, towit: that the Aegis trust packages have never been "adjudicated as being illegal by any competent court of record, either criminally or civilly." As the District Court clearly noted in its June 23, 2005 Order, "the trust scheme in which [defendants] engaged was, and ought to have been known to be, illegal." (Id., p. 6). This argument is therefore, wholly without merit. As for defendant's assertion that Agent Morgason's calculated tax loss is in dispute because it lacks accuracy, the Court noes that the calculated tax loss testified to by Agent Morgason was never considered anything other than an estimated loss by the Court. (See Doc. 71, p. 7). The loss to the Government does not need to be pinpointed to the penny in order for the Court to find that an injunction is warranted in this case. While defendant may wish that he had cross-examined the witness more thoroughly on this matter, the record evidence before this Court demonstrates without question that there was a loss to the Government coffers as a result of defendants Graham and Richardson's promotion of an abusive trust scheme and defendant Graham's corresponding preparation of federal tax returns which understated the income tax liability for the Aegis clients involved.

As for defendant's contention that the preliminary injunction hearing was procedurally flawed because defendants were proceeding *pro se* and were unprepared to defendant themselves in such a complex case, the Court finds this assertion lacks

5

both legal and factual support. A casual glance at the docket sheet for this case and review of the procedural history set forth above reveals that the defendants were able to and did file multiple motions challenging plaintiff's case at every stage of the litigation, including the period when they chose not to seek legal representation. In addition, defendants were given an opportunity to present their case at the preliminary injunction hearing, including documentary evidence and witnesses. (See Tr. pp. 458-60). The fact that in retrospect defendants might wish to have presented their case differently does not mean that they were not afforded an opportunity to be heard. A pro se defendant is required to follow the law, including the federal court's procedural and evidentiary rules. *Graham-Humphreys v. Memphis Brooks Museum Of Art Inc.*, 209 F.3d 552, 561-62 (6th Cir. 2000). A willfully un represented party therefore "volitionally assumes the risks and accepts the hazards which accompany self-representation." *Id.* (citing *McNeil v. United States*, 508 U.S. 106 (1993)). In other words, ignorance of the law or its procedural requirements is no excuse. *Id.* at 562. The District Court rejected a similar argument when it overruled defendants' objections o these same grounds and adopted this Court's Amended Report and Recommendation. (Doc. 100, p. 3, 6-7).

Finally, the Court disagrees with defendant's assertion that it failed in its gatekeeping function with respect to the testimony by Morgason and Vaselaney, thereby warranting a new hearing on the preliminary injunction motion. These individuals testified as fact witnesses, not experts. Their testimony related to their investigations into the Aegis trust scheme as a consequence of their professional roles. As such, the Court did not have a duty to review their proposed testimony under the standards for expert witnesses set forth in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 759 (1993).

For all these reasons, the Court finds that defendant's opposition to plaintiff's summary judgment motion is unfounded and there are no material issues in dispute with respect to the motion. The Court hereby RECOMMENDS that the preliminary injunction be converted to a permanent injunction and this case be dismissed from the docket of this Court.

_____
Timothy S. Hogan
United States Magistrate Judge

6

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

USA,
    Plaintiff

vs                                                          Case No. 1:03-cv-96-MRB-TSH
                                                           (Barrett, J.; Hogan, M. J.)

Wilson M. Graham, et. al.,
    Defendants

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 7/27/07. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Wilson M Graham<br>4194 East Village Drive<br>Mason, OH 45040 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1409 6175 | |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Homer Richardson<br>758 Quailwoods Drive<br>Loveland, OH 45140 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1409 6182 | |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:03cv96 Doc.125