UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

    Plaintiff,                                              Case No. 1:03cv96

    v.                                                   Judge Michael R. Barrett

Wilson M. Graham, et al.

    Defendants.

## **ORDER**

This matter is before the Court pursuant to the following pending motions:

1. First Motion for Reconsideration of the Order Adopting the Report and Recommendation (Doc. 101);

2. Motion for Leave to File Out of Time Reply to Plaintiff's Memorandum of law in Opposition to Defendant's Motion for Reconsideration (Doc. 106);

3. Motion for Summary Judgment (Doc. 112);

4. Report and Recommendations regarding Motion for Summary Judgment (Doc. 125);

5. Motion for Extension of Time to File Response/Reply as to Report and Recommendation (Doc. 132).

After reviewing the above pleadings and the responses there to, the Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Hogan (Doc. 125) granting Plaintiff's motion for summary judgment (Doc. 112) thereby converting the preliminary injunction into a permanent injunction and dismissing this matter from the docket of this Court and further DENIES the remaining pending motions as MOOT (Doc. 101, 106, and 132).

As to the Report and Recommendation, the parties were given proper notice, pursuant to 28 U.S.C. 636(b)(1)(c), including notice the parties would waive further appeal if they failed to file objections to the Report in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Defendant Wilson Graham filed Objections to the Report and Recommendation (Doc. 131)[1]. Defendant Homer Richardson was provided an extension in which to file his objections (See Doc. 129); however, in lieu of objections Mr. Richardson filed a subsequent motion for an extension of time (Doc. 132) to which Plaintiff opposed (Doc. 133). Although the Court has not specifically ruled on this motion, Mr. Richardson has failed to file his objections despite the passage of several months.

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991).

---

[1] It is interesting to note that Defendant Graham did not file a memorandum in opposition to the Motion for Summary Judgment.

Background Facts

This case has been pending for almost five years. The underlying facts have been set forth by Magistrate Judge Hogan on numerous occasions. (See Doc. 71, 125). In addition, the transcript of the preliminary injunction hearing are docketed as Doc. 55 and Doc. 56. Basically, the facts are as follows: In February, 2003, the Government filed its Complaint against defendant Wilson M. Graham, individually and d/b/a/ Graham and Associates, and defendant Homer Richardson, individually and d/b/a HG Asset Management Company. The Government sought injunctive relief against Graham, Richardson and their respective business entities, the effect of which is to preclude them from preparing federal income tax returns for clients and promoting abusive trust schemes. The Government alleges that both Graham and Richardson promoted business trust packages designed by the Aegis Company and then Graham prepared federal income tax returns for clients who purchased the Aegis trust packages. The Government alleges that the resulting tax returns understated the income tax liability of the clients because the "trusts" created are shams due to the fact that the creators of trusts retain complete control over the corpus of the trusts.

Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative

evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252.

"In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990); see also *L.S. Heath & Son, Inc. v. AT&T Information Sys., Inc.,* 9 F.3d 561 (7th Cir. 1993); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir.), cert. denied, 506 U.S. 832, 121 L. Ed. 2d 59, 113 S. Ct. 98 (1992)("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment ...").

Where there are no triable issues of fact remaining to be resolved, the Court may properly convert a preliminary injunction to a permanent injunction without an evidentiary hearing. *United States v. McGee*, 714 F.2d 607, 613 (6th Cir. 1983).

<u>Defendant Graham's Objections</u>

Defendant Graham argues that Magistrate Judge Hogan erred when he relied on "non-expert Government employee as to the application of the IRC as it relates to Trusts, as well as non-expert private attorney." David Morganson, a revenue agent for the past 18 years (at the time of the preliminary injunction hearing) is the "non-expert Government employee" that Graham is referring to. Missia Vaselaney is the "non-

4

expert private attorney". In addition to being an attorney, Ms. Vaselaney is a certified public accountant and a certified financial planner. This argument was previously made by Mr. Richardson in his opposition to the motion for summary judgment.

After review of the transcript from the preliminary injunction hearing as well as Magistrate Judge Hogan's Report and Recommendation following the hearing (Doc. 71), the Court finds that both Mr. Morganson and Ms. Vaselaney testified as fact witnesses. Mr. Morganson as to the audits that he personally performed as well as the background of "trust schemes" and Ms. Vaselaney as to how she came to learn that the Defendants were selling the Aegis trusts and the subsequent steps that she took.

Defendant Graham also argues that the Court's reliance on Mr. Morganson's testimony that the Defendants were still promoting these trusts in 2003 was in error. Defendant Graham relies on the testimony of Michael Vallone, the executive director of the Aegis Company. Mr. Vallone testified that the Aegis Company had stopped selling these trusts after the IRS raided the Aegis offices on December 31, 2000. However, Ms. Vaselaney testified that in 2003 Defendant Graham gave her a sales pitch on the Aegis trust and described the trust as cutting edge when she questioned its legality. This testimony confirms that of Mr. Morganson that Defendant Graham, at least, had been promoting the Aegis Trust in 2003. The Court finds that this objection has no merit.

Graham also argued that it was err to grant summary judgment as it violates Defendants Seventh Amendment right to a trial by jury. The Court finds that this objection also has no merit. A preliminary injunction may be converted to a permanent injunction when there are no triable issue of fact. *See United States v. McGee*, *supra.*

As previously set forth above and in the Report and Recommendation (Doc. 125) no triable issues of fact remain.  The Federal Rules of Civil Procedure, Rule 56 provides for the filing of a motion for summary judgment and such a motion and the ruling are appropriate in this matter.

Thus, the Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Hogan (Doc. 125) granting Plaintiff's motion for summary judgment (Doc. 112) thereby converting the preliminary injunction into a permanent injunction and dismissing this matter from the docket of this Court and further DENIES the remaining pending motions as MOOT (Doc. 101, 106, and 132).

**IT IS SO ORDERED.**

      *s/Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court